# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**ANGELA BROOKE TATUM**                                          **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO.: 3:24-cv-390-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                    **DEFENDANT**

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the July 23, 2024, final administrative decision of the Commissioner of Social Security denying her application for supplemental security income under Title XVI of the Social Security Act. For the reasons below, the final decision is affirmed.

Plaintiff applied for supplemental security income on December 10, 2021. [Doc. 8] at 12, 160-166, 214. She alleged disability due to depression, anxiety, post-traumatic stress disorder (PTSD), and back problems. *Id*. The Social Security Administration denied Plaintiff's applications in its initial and reconsideration determinations, and Plaintiff requested a hearing before an ALJ. [Doc. 8] at 92-95, 97-100. On June 7, 2024, the ALJ held an administrative hearing concluding that Plaintiff had the following severe impairments: disorders of the spine, depressive disorder, PTSD, panic disorder, generalized anxiety disorder agoraphobia, and attention deficit hyperactivity disorder (ADHD). [Doc. 8] at 13-25. However, he found she was not disabled for purposes of the Social Security Act through the date of the ALJ's decision.[1] *Id*. At step four, the ALJ found Plaintiff had no past relevant work. At step five, considering Plaintiff's age, education,

---

[1] The ALJ assessed Plaintiff's residual functional capacity ("RFC") and found Plaintiff retained the ability to perform light work as defined in 20 C.F.R. § 416.967(b), with additional postural and mental limitations.

work experience, and RFC, and relying on vocational expert testimony, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform. [Doc. 8] at 24.

Plaintiff makes one argument on appeal: that the ALJ did not properly consider her ability to maintain employment for a significant period of time in light of her mental impairments. [Doc. 17] at 3-7. In support of her argument, Plaintiff points to four counseling treatment notes beginning May 26, 2023, and ending May 30, 2024, in which she described having panic attacks and social anxiety. *Id*. at 5-6. She also relies on a medical source statement completed by Clyde Sheehan, M.D., who opined that Plaintiff would miss three or more days per month due to her mental impairments. [Doc. 8] at 410-411.

On the other hand, the Commissioner argues that, as the ALJ noted, the Plaintiff's mental health treatment notes revealed largely normal mental status examination findings. [Doc. 8] at 19-20. He points out that on several occasions Plaintiff's mental status examinations showed Plaintiff was fully oriented, and had normal speech, good insight and judgment, intact memory, good attention and concentration, appropriate thought content, and intact functional status. [Doc. 8] at 356, 358, 362, 364, 366, 383, 386, 389, 392, 395. The ALJ noted that even in November 2023, when Plaintiff reported having "slight panic attacks" and more frequent panic attacks, her mental status evaluation remained unremarkable. [Doc. 8] at 20, 383-384.

The ALJ also pointed out that Plaintiff's medication was effective in managing her anxiety. [Doc. 8] at 20. For example, in a May 2021 counseling session, Plaintiff stated that Xanax was a "lifesaver" and on several occasions, Plaintiff stated that Xanax worked well to control and manage her anxiety symptoms. [Doc. 8] at 356, 358, 387, 393, 395. Plaintiff also stated that Adderall worked well to improve her ability to focus on one task at a time without getting distracted. [Doc. 8] at 356, 360, 364, 366, 368, 384. Plaintiff also stated that she was able to focus for extended

periods of time and that her reading comprehension and retention had improved. [Doc. 8] at 356, 362, 364, 366, 384, 393, 396. In March 2023, Dr. Sheehan stated that Plaintiff was doing well on her current medications, and that Plaintiff reported having no adverse medication side effects. [Doc. 8] at 396. In July 2023, Summer Jennings, a psychiatric mental health nurse practitioner, stated that Plaintiff was "doing well on current medication" and that Plaintiff had a "bright, stable mood over the past month with no depression, unprovoked crying episodes, or extreme mood swings." [Doc. 8] at 390. In addition, Plaintiff's energy and motivation were both good, and Plaintiff indicated that she enjoyed hobbies and day to day activities. *Id*. Impairments that reasonably can be remedied or controlled by medication or treatment are not disabling. *See Johnson v. Bowen*, 864 F.2d 340, 348 (5th Cir. 1988).

The Fifth Circuit has specifically rejected the contention that an ALJ must in every decision articulate a separate and explicit finding that a claimant can maintain a job on a sustained basis. *Castillo v. Barnhart*, No. 05-50639, 151 F. App'x 334, 335-36 (5th Cir. 2005) (citing *Frank v. Barnhart*, 326 F.3d 618, 621 (5th Cir. 2003); *see also Perez v. Barnhart*, 415 F.3d 457, 465 (5th Cir. 2005). Moreover, in this case, there is no question that the ALJ acknowledged that Plaintiff's depressive disorder, PTSD, panic disorder, generalized anxiety disorder with agoraphobia, and ADHD were severe impairments, and accounted for them by limiting Plaintiff to jobs requiring only simple, routine tasks and occasional interaction with supervisors and coworkers, but never any interaction with the general public. In short, there is substantial evidence to support the ALJ's RFC finding and Plaintiff has failed to show that that she would be unable to maintain employment due to mental impairments recurring at a disabling level of intensity.

Lastly, while Plaintiff relies on Dr. Sheehan's opinion that Plaintiff would miss three or more days per month due to her mental impairments, [Doc. 17] at 6, the ALJ found this opinion

unpersuasive because it was not supported by his treatment notes that showed Plaintiff had largely normal mental status examination findings and that medication was effective in controlling her anxiety. [Doc. 8] at 21-22, 362-363, 366-367, 383-385, 392-400. The ALJ also found this opinion was inconsistent with the opinion of consultative psychological examiner Patsy Zakaras, Ph.D., who opined Plaintiff was fully oriented, and had logical thought processes and no suicidal or homicidal ideation. [Doc. 8] at 22, 373-374. Dr. Zakaras also opined that Plaintiff was capable of performing simple, routine, repetitive tasks, could follow and understand simple directions, and interact with others. [Doc. 8] at 374. This evidence supports the ALJ's finding that Plaintiff had the RFC to perform simple, routine tasks.

The Court's review of the Commissioner's final decision that Plaintiff was not disabled is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards. *See* 42 U.S.C. § 405(g); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

For the reasons discussed above, the Commissioner's final administrative decision is free of prejudicial error, supported by substantial evidence, and is AFFIRMED.

**SO ORDERED**, this, the 21st day of August, 2025.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**